## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:

**MARK LOUIS BALDWIN,**

　　　Debtor.

_____/

Case No.: 06-15170-BKC-PGH
Chapter 7 proceeding

**MICHAEL R. BAKST, Trustee in Bankruptcy
for Mark Louis Baldwin,**

　　　Plaintiff,

vs.

**ELIZABETH BALDWIN,
ELIZABETH BALDWIN, as parent,
natural and legal guardian of
P.B., a minor,
ELIZABETH BALDWIN, as parent,
natural and legal guardian of
R.U., a minor,**

　　　Defendants,

_____/

Adv.Proc.No.:

## COMPLAINT TO DETERMINE VALIDITY, PRIORITY, AND AMOUNT OF INTEREST IN PROPERTY, FOR VIOLATION OF THE AUTOMATIC STAY, TO SET ASIDE POST PETITION TRANSFER PURSUANT TO 11 U.S.C. §549, TO SELL REAL PROPERTY PURSUANT TO 11 U.S.C. §363(h) AND FLORIDA STATUTE §64, AND TO RECOVER ESTATE PROPERTY PURSUANT TO 11 U.S.C. §550

　　　The Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy Mark Louis Baldwin,** ("Trustee") by and through undersigned counsel, hereby sues the Defendant, **Elizabeth Baldwin,** ("Defendant"), to Determine Validity, Priority, and Amount of Interest in Property, for Violation of the Automatic Stay, to Set Aside Post Petition Transfer Pursuant to 11 U.S.C. §549, to sell Real Property Pursuant to 11 U.S.C. §363(h) and Florida Statute §64, to Recover Estate Property Pursuant to 11 U.S.C. §550, and states:

## GENERAL ALLEGATIONS

1.      This is an adversary proceeding brought by Michael R. Bakst, Trustee in Bankruptcy, seeking to Determine Validity, Priority, and Amount of Interest in Property, for Violation of the Automatic Stay, to Set Aside Post Petition Transfer Pursuant to 11 U.S.C. §549, to sell Real Property Pursuant to 11 U.S.C. §363(h) and Florida Statute §64, and to Recover Estate Property Pursuant to 11 U.S.C. §550.

2.      This Court has jurisdiction over this subject matter pursuant to 28 U.S.C. §§157 and 1334(b), as well as Federal Bankruptcy Rules 7001(3).

3.      This is a core proceeding for which the court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §§157(b)(2)(A), (N), and (O).

4.      This action was commenced by the filing of a voluntary Chapter 7 bankruptcy petition for Mark Louis Baldwin ("Debtor") on October 12, 2006, in Case Number 06-15170-BKC-PGH. The Plaintiff, Michael R. Bakst, is the duly appointed and qualified trustee in this Chapter 7 proceeding.

5.      The Defendant, Elizabeth Baldwin, is the ex-wife of the Debtor for all times relevant to this action and is otherwise subject to the jurisdiction of this Court.

6.      The Defendant, P.B. is the minor child of the Debtor and Defendant, Elizabeth Baldwin and is otherwise subject to the jurisdiction of this Court.

7.      The Defendant, R.U. is the minor child of Defendant, Elizabeth Baldwin and is otherwise subject to the jurisdiction of this Court.

8.      On or around January 21, 2003, real property was conveyed to the Debtor, along with the Defendant, Elizabeth Baldwin ("Defendant") as husband and wife. A copy of the deed is attached hereto as Exhibit "A". The real property is described as:

> Lot 11, Block B, COMPASS POINTE SUBDIVISION, according to the Plat thereof, recorded in Plat Book 16, Page 55 and 55A, of the public Records of Indian River County, Florida. The property contains the Parcel ID# 04-33-39-00033-0002-00011/0 and the street address of 2330 Compass Pointe Drive, Vero Beach, FL 32966 (hereinafter "Real Property")

9.      Pursuant to a Final Judgment for Dissolution of Marriage dated August 28, 2006 in the Circuit Court of the Nineteenth Judicial Circuit In and For Indian River County, Florida, Case No. 2004-1273-FR-01, the Real Property was to be listed for sale within thirty (30) days of the order and the proceeds from the sale be divided equally between Debtor and Defendant. A true and correct


Sanctuary Centre . Suite 200E . Boca Raton . Florida 33431     Esperante . Suite 1330 . West Palm Beach . Florida 33401
561.368.8800                    Facsimile 561.394.3699     561.238.9900                    Facsimile 561.238.9920

2

copy of the Final Judgment is attached hereto as Exhibit "B".

      10.     On the date of the bankruptcy filing, the Real Property contained a mortgage lien of approximately $160,414.00 and had a fair market value of approximately $250,000.00.

      11.     The Debtor listed the Real Property on his Schedule B and claimed it as exempt on his Schedule C. On November 14, 2006, the Trustee filed his Objection to Claimed Homestead Exemption as the Debtor is currently residing in the State of Michigan. On December 15, 2006, the Court entered an Order Sustaining the Trustee's Objection to Claimed Homestead Exemption (CP #55) and found the Real Property to be a non-exempt asset of the bankruptcy estate which the Trustee shall be allowed to administer for the benefit of the estate. A copy of the motion was mailed to the Defendant on or around November 14, 2006 and a copy of the order was mailed to the Defendant on or around December 15, 2006.

      12.     Pursuant to the Final Judgment for Dissolution of Marriage dated August 28, 2006 (Case No. 2004-1273-FR-01, Circuit Court of the Nineteenth Circuit, Indian River County, Florida), the Real Property was to be listed for sale within thirty days of the order and the proceeds from the sale were to be divided equally between the Debtor and the Defendant.

      13.     In addition, the Debtor and Defendant jointly owned a "Sea of Love" sculpture and a Bombay table (hereinafter "Personal Property"), which pursuant to the above referenced Final Judgment the items were to be appraised by Ronald Rennick within thirty days of the order wherein the Defendant had the option to purchase the Debtor's one-half interest. If the Defendant failed to purchase the Debtor's one-half interest in said items then the order directed the items be turned over to Ronald Rennick to be sold and the proceeds from same be divided equally between the Debtor and Defendant.

      14.     On November 30, 2006, the Trustee recorded a certified copy of the Notice of Commencement of the bankruptcy filing with the Indian River County public records (OR Book 2105, Page 2102). A true and correct copy of the recorded Notice of Commencement is attached hereto as Exhibit "C".

      15.     On December 20, 2006, the Defendant recorded a Quit Claim Deed of the above referenced Real Property in the public records in and for Indian River County, Florida, wherein the Real Property was deeded from the Debtor to the Defendant. A copy of the deed is attached hereto as Exhibit "D".

      16.     Such transfers of Real Property and Personal Property were for less than reasonably


Sanctuary Centre . Suite 200E . Boca Raton . Florida 33431    Esperante . Suite 1330 . West Palm Beach . Florida 33401
561.368.8800               Facsimile 561.394.3699    561.238.9900         Facsimile 561.238.9920

3

equitable value.

17.    On December 20, 2006, the Defendant obtained and caused to be entered an Amendment to Final Judgment for Dissolution of Marriage Agreed to by Named Parties wherein the "Sea of Love" Sculpture and the Bombay Table were gifted to Defendant, P.B. the minor child of the Debtor, and Defendant, R.U., the minor child of Defendant, Elizabeth Baldwin, by Debtor and Defendant. Such amendment is not signed by the Court. A copy of the amendment is attached hereto as Exhibit "E".

18.    Upon the bankruptcy being filed, the Debtor's interest in the Real Property and the Personal Property became property of the estate pursuant to 11 U.S.C. §541. The estate holds an undivided one-half (1/2) interest within the subject Real Property and the Personal Property.

19.    Pursuant to Court Order, the Real Property is a non-exempt asset of the bankruptcy estate. In addition, as the Debtor failed to list the above referenced Personal Property on his Schedules and claim any exemption for same, the Personal Property is a non-exempt asset of the estate.

## COUNT I - DETERMINATION AS TO VALIDITY, PRIORITY, AND AMOUNT OF INTEREST IN PROPERTY

20.    Plaintiff realleges paragraphs 1 through 19 as if fully set forth herein.

21.    The Defendant, Elizabeth Baldwin, may claim some interest in the subject Real Property, however, any claim that the Defendant, Elizabeth Baldwin, may have is inferior to that of the Trustee to the extent of the estate holding a one-half interest in the Real Property, all of which is property of the bankruptcy estate pursuant to 11 U.S.C. §541.

22.    The Defendants, Elizabeth Baldwin, as parent, natural and legal guardian of P.B., a minor, and Elizabeth Baldwin, as parent, natural and legal guardian of R.U., a minor, may claim some interest in the subject Personal Property, however, any claim that the Defendants, Elizabeth Baldwin, as parent, natural and legal guardian of P.B., a minor, and Elizabeth Baldwin, as parent, natural and legal guardian of R.U., a minor, may have is inferior to that of the Trustee to the extent of the estate holding a one-half interest in the subject Personal Property, all of which is property of the bankruptcy estate pursuant to 11 U.S.C. §541.

23.    Pursuant to 11 U.S.C.§§§§541, 544(a)(1), 544(a)(2), 544(a)(3), and Bankruptcy Rule 7001(2), the Plaintiff/Trustee seeks an order from this Court determining that pursuant to the Final



Judgment for Dissolution of Marriage, the estate holds a one half interest in the Real Property and in the Personal Property free and clear of any claim of right, title or interest of Defendant, Elizabeth Baldwin.

24.    Pursuant to 11 U.S.C.§§§§541, 544(a)(1), 544(a)(2), 544(a)(3), and Bankruptcy Rule 7001(2), the Plaintiff/Trustee seeks an order from this Court determining that since the bankruptcy was filed before any attempted transfers based upon the public records in and for Indian River County Florida, as of the date of the bankruptcy filing, and the fact that the Court did not sign the Amendment to Final Judgment, the Trustee is entitled to an order from the Court finding that the estate holds a one half interest in the subject Real Property and a one half interest in the subject Personal Property free and clear of any claim of right, title or interest of Defendant, Elizabeth Baldwin or Defendants, Elizabeth Baldwin, as parent, natural and legal guardian of P.B., a minor, and Elizabeth Baldwin, as parent, natural and legal guardian of R.U., a minor, and free and clear of any life estate claimed by Defendant, Elizabeth Baldwin.

WHEREFORE, Plaintiff/Trustee, Michael R. Bakst, respectfully requests that this Court enter judgment determining that pursuant to the Final Judgment for Dissolution of Marriage, the estate holds a one half interest in the subject Real Property and the subject Personal Property free and clear of any claim of right, title or interest of Defendant, Elizabeth Baldwin, or Defendants, Elizabeth Baldwin, as parent, natural and legal guardian of P.B., a minor, and Elizabeth Baldwin, as parent, natural and legal guardian of R.U., a minor, and free and clear of any life estate claimed by Defendant, Elizabeth Baldwin, whereby the Court would also determine the proper amount of "net proceeds" with the authority to impose a money judgment against Defendant, Elizabeth Baldwin, in the event that the unauthorized liens placed upon the property exceed the amount of funds that should be payable to the Trustee, plus that the Court grant such other and further relief as the Court deems just and proper.

## COUNT II - VIOLATION OF THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362 BY ELIZABETH BALDWIN

25.    The Plaintiff/Trustee, Michael R. Bakst, realleges and reaffirms those allegations contained in Paragraphs 1 through 19 above.

26.    Pursuant to 11 U.S.C. §362, the Plaintiff/Trustee seeks an order from this Court determining that Elizabeth Baldwin, with full knowledge of the bankruptcy filing, attempted to


Sanctuary Centre . Suite 200E . Boca Raton . Florida 33431        Esperante . Suite 1330 . West Palm Beach . Florida 33401
561.368.8800                              Facsimile 561.394.3699    561.238.9900                          Facsimile 561.238.9920

5

transfer the Real Property by Quit Claim Deed filed December 20, 2006 and Personal Property by causing to be entered the Amendment to Final Judgment filed December 20, 2006, in willful and deliberate violation of the automatic stay.

27.    Specifically, the Defendant undertook acts to obtain possession of property of the estate after the bankruptcy filing and/or property from the estate and/or to exercise control over property of the estate in violation of 11 U.S.C. §362(a)(3).

28.    The Plaintiff requests that the Court find that Elizabeth Baldwin, with full knowledge of the bankruptcy filing, has willfully violated the automatic stay by attempting to transfer the Real Property by Quit Claim Deed and by attempting to transfer the Personal Property by the Amendment to Final Judgment.    Accordingly, that the Court grant the Plaintiff his damages, including compensatory and punitive damages, pursuant to 11 U.S.C. §362(k), costs and reasonable attorney fees incurred by such conduct and in having to bring this complaint pursuant to 11 U.S.C. §362(k).

WHEREFORE, Plaintiff/Trustee, Michael R. Bakst, respectfully requests that this Court find that Defendant, Elizabeth Baldwin, willfully violated the automatic stay provisions of 11 U.S.C. §362, awarding the Plaintiff his damages, both compensatory and punitive, reasonable attorney fees and costs incurred in bringing this action pursuant to 11 U.S.C. §362(k), plus that the Court grant any other relief as the Court deems just and proper.

## COUNT III - AVOIDANCE OF POST PETITION TRANSFERS

29.    The Plaintiff/Trustee realleges Paragraphs 1 through 19 as if fully set forth herein.

30.    On the date of the bankruptcy filing, both the Quit Claim Deed and the Amendment to the Final Judgment had not been recorded or entered.  However, the recording of the Quit Claim Deed, including the reservation of a life estate to herself, and the Amendment to Final Judgment took place after the commencement of this case. Accordingly, the transfer of the Real Property to Defendant, Elizabeth Baldwin, and the transfer of the Personal Property to Defendants, P.B., a minor, and R.U., A minor, were transfers made after the commencement of the case which were not authorized by the Court or any other Section of Title XI of the United States Code. Such Real Property and Personal Property was property of the bankruptcy estate.

31.    The recording of the Quit Claim Deed and the Amendment to Final Judgment were consummated by the parties, who had knowledge of the commencement of this case.

32.    To whatever extent the Quit Claim Deed had the effect of transferring any interest of

 Sanctuary Centre . Suite 200E . Boca Raton . Florida 33431    Esperante . Suite 1330 . West Palm Beach . Florida 33401
561.368.8800                                 Facsimile 561.394.3699    561.238.9900                          Facsimile 561.238.9920

6

the estate within the Real Property and the Amendment to Final Judgment transferred any interest in the Personal Property, such transfers were in violation of 11 U.S.C. §549 and should be avoided pursuant to such statute and pursuant to 11 U.S.C. §550.

WHEREFORE, the Plaintiff/Trustee, Michael R. Bakst, by and through undersigned counsel, respectfully requests that the Court set aside and avoid the transfers of any interest of the bankruptcy estate within the Real Property and the Personal Property that may have been deemed to have been transferred post petition by virtue of the recording of the Quit Claim Deed and the Amendment to Final Judgment as unauthorized post-petition transfers pursuant to 11 U.S.C. §549, thus deeming the estate to be the holder of the estate's one-half interest within the subject Real Property and the subject Personal Property, free and clear from any claims of lien, right, title or interest of any of the Defendants to this action, jointly and severally, including that the Court set aside and avoid any attempted reservation of a life estate to the Defendant, Elizabeth Baldwin, plus that the Court grant such other and further relief as the Court deems just and proper.

## COUNT IV
## SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. §363(h)

33.     The Plaintiff/Trustee realleges paragraphs 1 through 19 as if fully set forth herein.

34.     Upon the Court finding that any portion of the Real Property is property of the bankruptcy estate within any of this preceding Counts of this Complaint, the Trustee seeks to sell the estate's interest and the interest of the Defendant, Elizabeth Baldwin, as co-owners of the Real Property.

35.     Partition in kind of such Real Property among the estate and the Defendant, Elizabeth Baldwin, is impractical. Such Real Property is a single family home, whereby there is no practicable manner of partition of such property, other than a sale and division of the proceeds. Upon information and belief, the Real Property cannot be subdivided.

36.     The sale of the estate's undivided one-half interest in the Real Property would realize significantly less for the estate than the sale of such property free of the interest of the Defendant, Elizabeth Baldwin. There is a chilling effect upon any prospective purchase of the estate's interest as long as the Defendant, Elizabeth Baldwin, retains any interest within the property.

37.     The benefit to the estate of a sale of the Real Property free of the interest of the Defendant, Elizabeth Baldwin, out-weighs the detriment, if any, to the Defendant, Elizabeth

 Sanctuary Centre . Suite 200E . Boca Raton . Florida 33431    Esperante . Suite 1330 . West Palm Beach . Florida 33401
561.368.8800                        Facsimile 561.394.3699    561.238.9900                        Facsimile 561.238.9920

7

Baldwin. The Real Property is worth approximately at least $225,000.00 while there is a mortgage lien upon the property of approximately $160,000.00. The Trustee is currently investigating the pay-off of the mortgage lien whereby the amount currently owed may be less. From a sale of the Real Property the Defendant, Elizabeth Baldwin, would receive lump sum proceeds equal to one half (1/2) of the net sale amount, less any sanctions and/or fines imposed against her by the Court should the Court find she did in fact violate the automatic stay, which would enable her to purchase any additional real property if she so desired. Additionally, the substantial equity within the property would enable the Defendant, Elizabeth Baldwin, to obtain financing to purchase the estate's one-half interest in the property, if she so choose to do so.

38.     The Real Property is not used in the production, transmission or distribution, for sale, of electric energy, or of natural or synthetic gas for heat, light, or power.

39.     The amount of funds which would be deemed to be net proceeds, should not include any funds necessary to pay any unauthorized liens upon the subject Real Property whereby the amount necessary to pay such liens should be paid from any proceeds attributable to Defendant, Elizabeth Baldwin, and, to whatever extent such liens exceed the amount of net proceeds that the Trustee would be entitled to received from the sale of the real property if such liens had not been placed upon the property, the Trustee seeks a money judgment against Defendant, Elizabeth Baldwin, for such amount.

WHEREFORE, pursuant to 11 U.S.C. §363(h) and Federal Bankruptcy Rule 7001(3), the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Mark Louis Baldwin, seeks judgment in his favor and against the Defendant, Elizabeth Baldwin, providing that:

        (a)     The Plaintiff may sell the estate's interest and the interest of the Defendant, Elizabeth Baldwin, in the Real Property, whereby,

            (i)     The Defendant, Elizabeth Baldwin, shall be given the right to purchase the property at any proposed sale price the Trustee may obtain, pursuant to 11 U.S.C. §363(i); and,

            (ii)     The Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Mark Louis Baldwin, may obtain the proceeds of such sale equivalent to the bankruptcy estate's one-half (1/2) interest and the Defendant, Elizabeth Baldwin may obtain the proceeds of such sale equivalent to her one-half (1/2) interest that she holds, less the costs and expenses of such sale as provided by 11 U.S.C. §363(j).

            (iii)     Any proceeds that the Defendant shall receive shall be


Sanctuary Centre . Suite 200E . Boca Raton . Florida 33431          Esperante . Suite 1330 . West Palm Beach . Florida 33401
561.368.8800                                    Facsimile 561.394.3699     561.238.9900                        Facsimile 561.238.9920

8

set off by the Plaintiff to first pay any unauthorized liens or other liens placed on the property by the Defendant, Elizabeth Baldwin, after the bankruptcy filing or otherwise improperly placed, and by any sanctions and/or fines imposed on the Defendant by the Court should the Court find that she did in fact violate the automatic stay.

(b)    All court costs of this action and attorney fees of this action shall be deemed costs of the sale which must be deducted from the proceeds of the sale before any proceeds are then distributed to the estate and the Defendant, Elizabeth Baldwin.

(c)    The Court grant such other and further relief as the Court deems just and proper.

## COUNT V - PARTITION OF REAL PROPERTY PURSUANT TO FLA. STAT. §64

40.    The Plaintiff/Trustee realleges paragraphs 1 through 19 as if fully set forth herein.

41.    This action relates to real property consisting of the Vero Beach, Florida real property as described more specifically in paragraph six (6) above ("Real Property"). The Defendant, Elizabeth Baldwin, may claim an interest in the Real Property while the Trustee also asserts an interest in this property . The Defendant and the Trustee are the only persons that may claim an interest in the Real Property. The Real Property currently is the residence of the Defendant, Elizabeth Baldwin. To whatever extent the Trustee would have a residence within his capacity as trustee of this estate, as defined within Fla. Stat. §64.041, it would be his business address in West Palm Beach, Florida located at 222 Lakeview Avenue, Suite 1330, West Palm Beach, Florida 33401.

42.    The Real Property, as a single family home, is indivisible and is held between the parties as tenants in common. The Trustee is unaware of any other persons that may claim an interest within the subject Real Property other than those persons which are parties to this proceeding.

43.    The amount of funds which would be deemed to be net proceeds, should not include any funds necessary to pay any unauthorized liens upon the subject Real Property whereby the amount necessary to pay such liens should be paid from any proceeds attributable to Defendant, Elizabeth Baldwin, and, to whatever extent such liens exceed the amount of net proceeds that the Trustee would be entitled to received from the sale of the real property if such liens had not been placed upon the property, and less any sanctions and/or fines imposed against her by the Court should the Court find she did in fact violate the automatic stay, the Trustee seeks a money judgment



against Defendant, Elizabeth Baldwin, for such amount.

44.     The Plaintiff/Trustee seeks a ruling from this Court adjudicating the rights and interests of the parties whereby the Court would find that pursuant to Fla. Stat. §64.061(4), the Real Property is indivisible and not subject to partition whereby the Real Property would not actually be divided into subparts. Instead, the Court would appoint a realtor as a special master to make a sale of the entire Real Property at private sale, while reserving jurisdiction to order a public sale upon motion of the Trustee as outlined within Fla. Stat. §64.071 if attempts at selling the Real Property through a private sale prove to be unsuccessful.

45.     Pursuant to Fla. Stat. §64.081, the Trustee seeks an award of attorney fees and costs to be determined on equitable principles in proportion to the party's interest. Further, the Trustee seeks a judgment from the Court ordering that the costs and attorney fees must be paid from the moneys arising from the sale and due to the parties who ought to pay the same. The Trustee also seeks a judgment providing that all taxes, state, county, and municipal, due thereon at the time of the sale, shall be paid out of the purchase money.

WHEREFORE, pursuant to Florida Statute §64 and Federal Rule of Bankruptcy Procedure 7001(7), the Plaintiff/Trustee, Michael R. Bakst, Trustee in Bankruptcy for Mark Louis Baldwin, seeks judgment in his favor and against the Defendant, providing that:

(a)     The subject Real Property is indivisible and not subject to partition whereby the Real Property can not be divided into subparts. Instead, the Court would appoint a realtor as a special master pursuant to Fla. Stat. §64.061(4) to sell the entire subject Real Property. Thereafter, from such sale:

(i)     The Trustee and the Defendant, Elizabeth Baldwin, would obtain the proceeds of such sale equivalent to their respective interests, less the costs, including, but not limited to a realtor's fee and normal and customary closing costs, and attorney fees incurred in bringing this action as provided by Fla. Stat. §64.081;

(b)     All court costs of this action and attorney fees of this action shall be deemed costs of the sale which must be deducted from the proceeds of the sale attributable to the Defendant before any proceeds are then distributed to the Defendant, Elizabeth Baldwin, pursuant to Fla. Stat. §64.081; and

(c)     The Court find that the Plaintiff is entitled to set-off from the sale proceeds for any sanctions and/or fines imposed against her by the Court should the Court find she did in fact violate



the automatic stay.

(d)    The Court grant such other and further relief as the Court deems just and proper, including, but not limited to, reserving jurisdiction to order a public sale as provided by Fla. Stat. §64.071, requiring all persons residing in the Real Property to vacate that property, reserving jurisdiction to enforce the terms of the Court's judgment by way of gaining access to the properties through the use of the United States Marshal, approving the retention a real estate broker as a special master to sell the subject real properties, and authorizing the Trustee to obtain keys and other items necessary to secure the properties.

## COUNT VI – TO RECOVER PROPERTY PURSUANT TO 11 U.S.C. §550(a)(2) AGAINST DEFENDANT, ELIZABETH BALDWIN

46.    The Plaintiff hereby realleges paragraphs 1 through 19 as if fully set forth herein.

47.    Pursuant to 11 U.S.C. §550(a)(2), and as specifically defined therein, the Defendant, Elizabeth Baldwin, is the immediate or mediate transferees of the initial transferees, Mark Louis Baldwin and Elizabeth Baldwin, for whose benefit the transfer was made, and as a result, the Plaintiff is entitled to recover the transfer of the Real Property, from the Defendant, Elizabeth Baldwin, pursuant to 11 U.S.C. §550(a)(2).

**WHEREFORE,** the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Mark Louis Baldwin, requests that the Court enter a judgment to recover the Real Property pursuant to 11 U.S.C. §550(a)(2) against the Defendant, **Elizabeth Baldwin,** plus court costs and interest, and that the Court grant such other further relief as the Court deems just and proper.

## COUNT VII – TO RECOVER PROPERTY PURSUANT TO 11 U.S.C. §550(a)(2) AGAINST DEFENDANTS, ELIZABETH BALDWIN, as parent, natural and legal guardian of P.B., a minor, and ELIZABETH BALDWIN, as parent, natural and legal guardian of R.U., a minor

48.    The Plaintiff hereby realleges paragraphs 1 through 19 as if fully set forth herein.

49.    Pursuant to 11 U.S.C. §550(a)(2), and as specifically defined therein, the Defendants, Elizabeth Baldwin, as parent, natural and legal guardian of P.B., a minor, and Elizabeth Baldwin, as parent, natural and legal guardian of R.U., a minor, are the immediate or mediate transferees of the initial transferees, Mark Louis Baldwin and Elizabeth Baldwin, for whose benefit the transfer was made, and as a result, the Plaintiff is entitled to recover the transfer of Personal Property, from the


Sanctuary Centre . Suite 200E . Boca Raton . Florida 33431    Esperante . Suite 1330 . West Palm Beach . Florida 33401
561.368.8800                    Facsimile 561.394.3699    561.238.9900                    Facsimile 561.238-9920

11

Defendants, Elizabeth Baldwin, as parent, natural and legal guardian of P.B., a minor, and Elizabeth Baldwin, as parent, natural and legal guardian of R.U., a minor, pursuant to 11 U.S.C. §550(a)(2).

**WHEREFORE,** the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Mark Louis Baldwin, requests that the Court enter a judgment to recover the Personal Property pursuant to 11 U.S.C. §550(a)(2) against the Defendants, **Elizabeth Baldwin, as parent, natural and legal guardian of P.B., a minor, and Elizabeth Baldwin, as parent, natural and legal guardian of R.U., a minor,** plus court costs and interest, and that the Court grant such other further relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

DATED this the __19__ day of January, 2007.

ELK, CHRISTU AND BAKST, LLP

MICHAEL R. BAKST, ESQ.
Attorney for Plaintiff/Trustee
222 Lakeview Avenue
Suite 1330
West Palm Beach FL 33401
(561) 238-9900
Florida Bar No.: 866377

dlh

This Instrument Prepared by and Return to:
LINDA ADAMS
ADAMS TITLE, INC.
Address 4680 LIPSCOMB ST. NE, SUITE 1
PALM BAY, FLORIDA 32905
Property Appraisers Parcel Identification (Folio) Number(s):
04-33-39-00033-0002-00011/0

Grantee(s) S S #(s)

FILE NO: 9828

WARRANTY DEED, SPECIAL
(FROM CORPORATION)

**RECORD AND RETURN TO:**
ADNORAM TITLE COMPANY, INC.
200 West First Street
Sanford, Florida 32771
407-322-9484
407-330-5062

IN THE RECORDS OF
JEFFREY K. BARTON
CLERK CIRCUIT COURT
INDIAN RIVER CO., FLA.

$1149.40

JEFFREY K. BARTON, CLERK
INDIAN RIVER COUNTY

SPACE ABOVE THIS LINE FOR PROCESSING DATA          SPACE ABOVE THIS LINE FOR RECORDING DATA

*This Special Warranty Deed Made and executed the* 30th   day of   December   A.D. 2002
*by* **MARONDA HOMES, INC. OF FLORIDA**
*a corporation existing under the laws of* **FLORIDA**                *, and having its principal*
*place of business at* **4670 LIPSCOMB STREET, NE, PALM BAY, FL   32905**
*hereinafter called the grantor, to* **MARK L. BALDWIN and ELIZABETH BALDWIN, HUSBAND AND WIFE**

*whose post office address is* **2330 COMPASS POINTE DRIVE**
                              **VERO BEACH, Florida  32966**
*hereinafter called the grantee:*

(Whenever used herein the terms "grantor" and "grantee" shall include singular and plural, all the parties to this instrument, the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, wherever the context so admits or requires.)

   **Witnesseth,** *That the grantor, for and in consideration of the sum of $10.00 and other valuable considerations, receipt whereof is hereby acknowledged, by these presents does grant, bargain, sell, alien, remise, release, convey and confirm unto the grantee, all that certain land situate in*
**INDIAN RIVER**                *County, State of Florida, viz:*
   **Lot 11, Block B, COMPASS POINTE SUBDIVISION,**
   **according to the Plat thereof, recorded in**
   **Plat Book 16, Pages 55 and 55A, of the**
   **Public Records of Indian River County, Florida.**

   *Together, with all the tenements, hereditaments and appurtenances thereto belonging or in any wise appertaining.*
   *To Have and to Hold, the same in fee simple forever.*
   *And the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that it has good, right and lawful authority to sell and convey said land; that it hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons claiming by, through or under the said grantor.*

(CORPORATE
 SEAL)

   *In Witness Whereof, the grantor has caused these presents to be executed in its name, and its corporate seal to be hereunto affixed, by its proper officers thereunto duly authorized, the day and year first above written.*

ATTEST:

Signed, sealed and delivered in the presence of:

Secretary

**MARONDA HOMES, INC. OF FLORIDA**

By: _____
    VICE    President
    **RICHARD A. BROWN**

Witness Signature
    **LINDA ADAMS**
    Printed Name

Witness Signature
    **MARK BRADY**
    Printed Name

STATE OF   **FLORIDA**
COUNTY OF   **BREVARD**

I hereby certify that on this day, before me, an officer duly authorized to administer oaths and take acknowledgments, personally appeared

**RICHARD A. BROWN**

personally known to me to be the   **VICE**   President of **MARONDA HOMES, INC. OF FLORIDA**
the corporation in whose name the foregoing instrument was executed, and that   **HE**   severally acknowledged executing the same for and on behalf of said corporation, freely and voluntarily, under authority duly vested in them by said corporation, and that the seal affixed thereto is the true corporate seal of said corporation, that I relied upon the following form of identification of the above-named person who is personally known to me and that as such

Witness my hand and official seal in the County and State last aforesaid this   **30th**
day of   **December**                A.D. 2002

    **LINDA ADAMS**
    Notary Name Signature

EXHIBIT A

OR 1556 PG 2895

03 JAN 21   PM 4:00

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR INDIAN RIVER COUNTY, FLORIDA

**Mark Baldwin**, Petitioner,
and

Case No.  2004-1273-FR-01

**Elizabeth Baldwin**, Respondent.

_____/

## FINAL JUDGMENT FOR DISSOLUTION OF MARRIAGE

THIS CAUSE was heard at trial on the Husband's Petition for Dissolution of Marriage and the Wife's Counter-Petition on the 16th day of June, 2006.  The Court having received testimony, reviewed the court file, the financial affidavits of the parties, heard argument of counsel, and being otherwise fully advised in the premises, finds as follows:

A.  The Court has jurisdiction over the parties, the minor child and subject matter hereto and the property owned by the parties.

B.  The parties and their child have been bonafide residents of Florida, for at least six months before the filing of the petition.

C.  The marriage is irretrievably broken.

D.  One child was born of the marriage, to wit: P███ B██████, born March 5, 1990.  No additional children are contemplated by the parties.  The Mother is deemed the Primary Residential Parent.

E.  The parties entered into a Partial Marital Settlement Agreement which was entered into evidence by the Husband as Husband's "Exhibit 1."  This Partial Marital Settlement Agreement resolves many of the issues of the parties.  Each party testified that they read the agreement, fully understood the agreement, and intended to be bound by the agreement.  The Court hereby incorporates this agreement into the final judgment.

F.  The parties own a marital home located at 2330 Compass Point Drive, Vero Beach, Florida, which the court values at $300,000.00.  This home is currently in foreclosure, and the foreclosure complaint indicates that there is a balance on the mortgage of $139,548.00.  This complaint further indicates that the mortgage has been in default since December 1, 2005, although the Wife disputes the date of the last payment.  This mortgage is a marital liability.



EXHIBIT B
ce to 5

G. Currently there are two unrecorded liens against the home. The parties agree that there is a loan/lien by Jerry Capek in the amount of $15,000.00 and a loan/lien by Adolf Gust in the amount of $10,000.00.

H. The Husband introduced other recorded liens, as Husband's "Exhibit 4," all of which are marital debts. These debts total $67,033.86, assuming the debts and liens are valid.

I. The total debts, assuming same are legitimate and collectible, against the home are approximately $206,000.00, not including penalties and interest that may have accrued.

J. The parties have two personal property items in dispute, a "Sea of Love" sculpture, value unknown, and a Bombay entry-way table, which was purchased for $1,100.00. Each of these items are marital assets, as they were purchased with funds held in a checking account in the parties joint names. The wife testified that the money in this account was her child support money paid by the father of her pre-marital child and her earnings during the marriage.

WHEREFORE it is ORDERED, ADJUDGED and DECREED as follows:

1. DISSOLUTION OF MARRIAGE. The Marriage between the Husband and Wife is dissolved and the parties are forever freed from the bonds of matrimony hereto existing between them and from the obligations arising therefrom.

2. The parties shall comply with all terms of the Partial Marital Settlement Agreement, introduced as "Husband's Exhibit 1," except those terms which are crossed out. This agreement is incorporated and made part of this final judgment.

3. The "Sea of Love" sculpture and the Bombay table shall be delivered to Ronald Rennick to examine and appraise within thirty (30) days of this order. The parties shall equally share in the cost of this expense. The Wife shall then have the option to purchase the Husband's one-half interest in these items within thirty (30) days of the appraisal. If the Wife does not purchase the Husband's one half interest in above items, the items shall be sold by Ronald Rennick or another person agreed to by the parties, the items shall be delivered to Ronald Rennick or the other party agreed to within thirty days of the Wife's failure to pay the Husband his one-half appraised value interest.

4. The marital home, valued at $300,000.00 shall be listed for sale within thirty (30) days of this order with an agreed to realtor. If the parties are unable to agree to a realtor, each party shall provide the court with the name, credentials and proposed listing agreement of their proposed realtor, and the court shall

name a listing agent and listing agreement. The listing shall be for six (6) months. The Court reserves jurisdiction to partition the property. Upon the sale of the home, the proceeds shall be divided equally between the parties. The Former Wife shall be entitled to reimbursement for any reduction in principal for payments made subsequent to this order.

5. The Former Husband shall have the minor child for six weeks each summer. The Husband's 2006 summer visitation shall begin at 9:00 a.m. on Sunday, June 18, 2006. The summer visitation scheduled is subject to mandatory band camp, and consistent with the Partial Marital Settlement Agreement. The child shall return to Florida at the Husband's expense to attend band camp which is scheduled this Summer, 2006. The Husband shall have the minor child in subsequent years on the first Friday beginning the school recess for the summer for six consecutive weeks.

6. Each party shall execute and deliver to the other party any documents that may be reasonably required to accomplish the intentions as contained herein and shall do all other necessary things to this end. If either party shall fail to comply, this Final Judgment shall constitute an actual grant, assignment and conveyance of property and rights in such matter pursuant to Section 61.075(4), Florida Statutes, and Rule 1.570, Florida Rules of Civil Procedure.

7. All other provisions requested of the parties is denied.

8. The Court reserves jurisdiction for all legal and proper purposes.

**DONE AND ORDERED** at Indian River County, Florida this _____ day of _____, 2006.

SIGNED & DATED

AUG 2 8 2006

JUDGE PAUL B. KANAREK

Paul B. Kanarek
Circuit Judge

Copies furnished to:
Margaret Keys McCain, Esq., Courthouse Box 50
Wayne McDonough, Esq., Courthouse Box 100

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (02/21/06)                    Case Number 06–15170–PGH

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida
### www.flsb.uscourts.gov

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 10/12/06.
You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights.
All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below.
**NOTE: THE STAFF OF THE BANKRUPTCY CLERK'S OFFICE CANNOT GIVE LEGAL ADVICE.**

See Reverse Side For Important Explanations and SDFL Local Court Requirements.

**Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):**
Mark Louis Baldwin
POB 6
Stockbridge, MI 49285

| Case Number: | Social Security/Taxpayer ID/Employer ID/Other Nos.: |
|---|---|
| 06–15170–PGH – Division:  West Palm Beach | xxx–xx–2843 |

| Attorney for Debtor(s) (or Pro Se Debtor) name and address: | Bankruptcy Trustee (name and address): | |
|---|---|---|
| Mark Louis Baldwin<br>POB 6<br>Stockbridge, MI 49285<br>Telephone number: | Michael R Bakst<br>www.ebcblaw.com<br>PMB 702<br>222 Lakeview Ave #160<br>West Palm Beach, FL 33401<br>Telephone number:  561–238–9900 | 1802041<br>THIS DOCUMENT HAS BEEN RECORDED<br>IN THE PUBLIC RECORDS OF<br>INDIAN RIVER COUNTY FL<br>BK: 2105 PG:2102, Page1 of 3<br>11/30/2006 at 12:38 PM,<br>JEFFREY K BARTON, CLERK OF<br>COURT |

## MEETING OF CREDITORS

Date: **November 9, 2006**          Time: **10:30 AM**

Location: **Via Jardin Bldg, 330 Clematis St Room 101, West Palm Beach, FL 33401**

Note: Debtors must bring original government–issued photo identification and proof of the social security number to this meeting.
WARNING TO DEBTOR: Without further notice or hearing the court may dismiss your case for failure to timely pay filing fee installments, failure to appear at the meeting of creditors or failure to timely file required schedules, statements or lists, and, for cases filed on or after October 17, 2005, for failure to file pre–bankruptcy certification of credit counseling or file wage documentation.

## Presumption of Abuse under 11 U.S.C. § 707(b)
### See "Presumption of Abuse" on reverse side.

The presumption of abuse does not arise.

## Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts:**  1/8/07
**Deadline to Object to Trustee's Report of Abandonment: See explanation on reverse.**
**Deadline to Object to Exemptions:**
Thirty days after the conclusion of the meeting of creditors scheduled in this notice or within thirty days of any amendment to the list or supplemental schedules.

## Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

## Foreign Creditors

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the bankruptcy clerk's office where assigned judge is chambered:<br>Forum Building Complex<br>1675 Palm Beach Lakes Boulevard 8th Floor<br>West Palm Beach FL 33401<br>Telephone: 561–514–4100 | CLERK<br>USBC<br>SDFL<br>FILED<br>10/12/06 | Certified to be a true and correct copy of the original.<br>Karen Eddy, Clerk<br>U.S. Bankruptcy Court<br>So. Dist. of Fla.<br>By: _____<br>Deputy Clerk |
|---|---|---|
| Hours Open:  Monday – Friday 9:00 AM – 4:30 PM<br>Closed all Legal Holidays | Clerk of the Bankruptcy Court: Karen Eddy<br>For: Judge Paul G Hyman Jr<br>Date:  10/12/06 | Date _____ |

EXHIBIT C

## EXPLANATIONS

FORM B9A (05/08/06)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side (or the existing case under another chapter has been converted to chapter 7). |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present with required original government−issued photo identification and proof of the social security number at the meeting to be questioned under oath by the trustee and by creditors.* **Creditors are welcome to attend, but are not required to do so.** The meeting may be continued and concluded at a later date without further notice. |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this case is converted from chapter 13, pursuant to Local Rules 1019−1(E) and 3002−1(A), it has been designated as a no asset case at this time. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and the required filing fee by that Deadline. Writing a letter to the court or judge is not sufficient. An adversary complaint must be filed in accordance with the applicable rules. For cases filed on or after October 17, 2005, the discharge will not be issued until the financial management course certification is filed by the debtor. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objections by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Documents filed conventionally, in paper, should be filed at the bankruptcy clerk's office where the judge assigned to the case is chambered. Documents filed prior to October 17, 2005, may be viewed at the clerk's office where the judge assigned to the case is chambered. Documents filed on or after October 17, 2005, may be viewed in electronic format at any clerk's office public terminal or via PACER ON THE INTERNET (charges apply). Case filing information and unexpired deadline dates can be obtained by calling the Voice Case Information System: (305)536−5979 or (800)473−0226. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Abandonment of Property by Trustee | Pursuant to Local Rule 6007−1(A), the trustee will abandon at the meeting of creditors all property that the trustee has determined is of no value to the estate and file a report within 2 days. Objections to the report must be filed within 15 days of the meeting. |
| Electronic Bankruptcy Noticing | Parties can now choose to receive all notices (including attachments) served by the clerk's office electronically instead of via US mail. For information on or to register for this free service, contact the Bankruptcy Noticing Center at www.ebnuscourts.com |
| Translating Services | Except for persons with communications disabilities, translating services are not provided. Persons with communications disabilities should contact the U.S. trustee's office to arrange for translating services at the meeting of creditors. |

— Refer to Other Side for Important Deadlines and Notices —

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

District/off: 113C-9          User: knoffk              Page 1 of 1                    Date Rcvd: Oct 12, 2006
Case: 06-15170               Form ID: B9A               Total Served: 28

```
The following entities were served by first class mail on Oct 14, 2006.
db         +Mark Louis Baldwin,    POB 6,    Stockbridge, MI 49285-0006
tr         +Michael R Bakst,    www.ebcblaw.com,    PMB 702,    222 Lakeview Ave #160,
            West Palm Beach, FL 33401-6101
smg        +Highlands County Tax Collector,    540 S Commerce Ave,    Sebring, FL 33870-3867
ust        +Office of the US Trustee,    51 S.W. 1st Ave.,    Ste. 1204,    Miami, FL 33130-1614
85646738    384005 Ontario Limited,    c/o Pagagon,    59 Romina,    Concord, Ontario, Canada L4K 4Z9
85646749    Adolf Gust,    c/o Pagagon,    59 Romina,    Concord, Ontario L4K 4Z9
85646741    Capital One/Auto,    P. O. Box 261930,    Plano, TX 75026-1930
85646742    Chase Home Finance,    P. O. Box 9001871,    Louisville, KY 40290-1871
85646743   +Chelsea Community Hospital,    775 S. Main Street,    P. O. Box 490,    Chelsea, MI 48118-0490
85646744   +Citibank NA,    701 East 60th St.N,    Sioux Falls, SD 57104-0493
85646745   +Citibank, NA,    c/o Faber & Gitlitz, PA,    9830 S.W. 77th Ave.,2nd Floor,    Miami, FL 33156-2697
85646747    EPMG of Michigan, PC,    P. O. Box 96115,    Oklahoma City, OK 73143-6115
85646739   +Elizabeth Baldwin,    2330 Compass Pointe Drive,    Vero Beach, FL 32966-2112
85646748   +Faber & Gitlitz, PA,    Attorneys at Law,    9830 S.W. 77th Ave.2nd Floor,    Miami, FL 33156-2697
85646740   +Gerald T.Capak and,    Judith A. Capak,    185 31st Avenue, S.W.,    Vero Beach, FL 32968-3297
85646750   +Huron Valley Ambulance,    P. O. Box 634030,    Cincinnati, OH 45263-0001
85646751   +Huron Valley Radiology, PC,    P. O. Box 77000,Dept.77034,    Detroit, MI 48277-2000
85646752    Internal Revenue Service,    P. O. Box 120053,    Covington, KY 41012
85646753   +Lawyers Title Ins. Corp.,    2300 Maitland Ctr. Parkway, #100,    Maitland, FL 32751-7410
85646754   +Margaret McCain, Esq.,    1826 14th Ave., #201,    Vero Beach, FL 32960-0430
85646756    Mercy Primary Care,    Central Prof.Credit Svcs.,    P. O. Box 365,    Cadillac, MI 49601-0365
85646757    Michigan Heart, PC,    5325 Elliott Dr., #203,    Ypsilanti, MI 48197-8633
85646758    Quest Diagnostics,    P. O. Box 740020,    Cincinnati, OH 45274-0020
85646759    St. Joseph Mercy Hospital,    P. O. Box 993,    Ann Arbor, MI 48106-0993
85646760    St. Joseph Mercy Hospital,    P. O. Box 77000, Dept.771178,    Detroit, MI 48277-1178
85646761    Terra Southern Corporation,    z/oDonald L.Gilbert, Esq.,    Raymond A. Alley,Jr., PA,
            805 West Azeele,    Tampa, FL 33606-2209
85646755   +Wayne McDonough, Esq.,    1901 25th Street,    Vero Beach, FL 32960-3366

The following entities were served by electronic transmission on Oct 13, 2006.
smg         EDI: FLDEPREV.COM Oct 12 2006 23:04:00      Florida Department of Revenue,      POB 6668,
            Bankruptcy Division,    Ft Lauderdale,  FL 32314-6668
85646744   +EDI: CITICORP.COM Oct 12 2006 23:04:00      Citibank NA,    701 East 60th St.N,
            Sioux Falls, SD 57104-0493
                                                                                    TOTAL: 2

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
85646746*  +Elizabeth Baldwin,    2330 Compass Pointe Drive,    Vero Beach, FL 32966-2112
                                                                                    TOTALS: 0, * 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 14, 2006                          Signature:    *Joseph Speetjens*

## QUIT CLAIM DEED OF INTEREST IN REAL PROPERTY:
### INDIAN RIVER COUNTY, FLORIDA

Prepared by and Returned to:
MARK LOUIS BALDWIN
2330 Compass Point Drive
Vero Beach, FL. 32966

**FILED**
J.K. BARTON, CLERK

DEC 2 0 2006

INDIAN RIVER COUNTY BY

DEPUTY CLERK

DATED: AUGUST 30 , 2006

GRANTOR: MARK LOUIS BALDWIN, A Single Man
Pony G Stockbridge, MI 42255

E.U.B. GRANTEE: ELIZABETH UNDERWOOD-BALDWIN, A Single Woman

ADDRESS: 2330 Compass Point Drive, Vero Beach, FL. 32966 Indian River Cty.

WITNESSETH, that the said GRANTOR for and in consideration of the sum of Ten
And NO/100 Dollars, the fulfillment of certain agreements between the parties, and other
valuable consideration paid by the GRANTEE, the receipt of which is hereby
acknowledged, do hereby GRANT, bargains, sell, alien, remise,release,convey, release of
courtesy and other spousal rights, unto the GRANTEE, Her Heirs, Successors and
Assigns, the following described Real Estate located in Indian River County, Florida, to
Wit:

LOT 11, BLOCK B COMPASS POINT SUBDIVISION,ACCORDING TO THE PLAT
THEREOF,RECORDED IN PLAT BOOK 16, PAGES 55 AND 55A, OF THE PUBLIC
RECORDS OF INDIAN RIVER COUNT, FLORIDA. PARCEL ID NUMBER:
2330 COMPASS POINT DRIVE, FLORIDA 32966

Further stipulated by GRANTOR, any and all Judgments, Liens, Notice of Collections,
created by BALDWIN SOD FARMS, INC. OR COMPASS SOD FARMS, LLC, OR
MARK LOUIS BALDWIN, Remain the responsibility of said GRANTOR and Releases
GRANTEE , ElizabethUnderwood-Baldwin, to have and to hold forever.

This conveyance is made subject to the life estate of ELIZABETH UNDERWOOD-
BALDWIN, to have and to hold in the fee simple forever.



A TRUE COPY
CERTIFICATION ON LAST PAGE
J.K. BARTON, CLERK

08/28/2006  15:24    3216368505    PHOENIX

FILED
J.K. BARTON, CLERK

DEC 2 0 2006

INDIAN RIVER COUNTY BY

DEPUTY CLERK

Signed, sealed and delivered
in the presence of
Print: _DANNY ADAMS_
Print: _Lee Anne Culbreth_

_Mark Louis Baldwin_ (SEAL)
MARK LOUIS BALDWIN

STATE OF _Michigan_
COUNTY OF _Ingham_

The foregoing instrument was acknowledged before me this August _30_, 2006, by MARK LOUIS BALDWIN, a single man, who is personally known to me or who has produced a Florida driver's license as identification.

_Douglas D. Mills_
Notary Public, State of _Michigan_
My Commission expires: _1-17-2012_

Douglas D. Mills, Notary Public
State of Michigan, County of Ingham
My Commission Expires 1/17/2012
Acting in the County of _Ingham_

STATE OF FLORIDA
INDIAN RIVER COUNTY
THIS IS TO CERTIFY THAT THIS IS A
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN THIS OFFICE.
J.K. BARTON, CLERK
BY _Laura Mc___
DEPUTY CLERK
DATE _12/20/2006_

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL
CIRCUIT IN AND FOR INDIAN RIVER COUNTY , FLORIDA

Mark Baldwin,Petitioner                    Case No. 2004-1273-FR-01
And
Elizabeth Baldwin, Respondent

**FILED**
J.K. BARTON, CLERK

Parties are Pro Se

**DEC 2 0 2006**

INDIAN RIVER COUNTY BY

DEPUTY CLERK

## AMENDMENT TO FINAL JUDGEMENT FOR DISSOLUTION OF MARRIAGE AGREED TO BY THE NAMED PARTIES

A. The Petitioner has agreed to gift the "Sea of Love" Sculpture and the Bombay Table to his son, P▆▆ B▆▆▆▆ and step daughter, R▆▆▆▆ U▆▆▆▆.

B. The Parties have agreed to sell the Marital home and have agreed on The Purchaser.

C. Petitioner Decrees that custody of minor son, P▆▆ B▆▆▆▆ age 16, Was not an issue, contrary to his counsel's allegations of a custody Dispute.

D. Respondent Decrees that custody of minor son, P▆▆ B▆▆▆▆ age 16, Was not an issue, contrary to her counsel's allegations of a custody Dispute.

_____          _____
Mark Baldwin, Petitioner            Elizabeth Baldwin, Respondent
                                                              9-12-06
_____          _____
Witness-Date                        Witness-Date
           9-12-06



EXHIBIT E

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER COUNTY
STATE OF FLORIDA

CASE NO: 2004-1273 FR-01

MARK L. BALDWIN, Former Husband,

and

ELIZABETH BALDWIN, Former Wife.

_____/

**FILED**
J.K. BARTON, CLERK

**DEC 2 0 2006**

INDIAN RIVER COUNTY BY
_____
DEPUTY CLERK

<u>**STIPULATION**</u>

The undersigned counsel hereby stipulate and on behalf of their respective clients that the sums referenced in a Claim(s) of Lien arising out of the attorney fee of Margaret McCain, attorney for Husband and any claim of lien which may be filed by the attorney for the Wife, Wayne R. McDonough, that said sums shall be paid exclusively from the interest of their respective clients. The Claim of Lien(s) filed by Margaret McCain shall be paid exclusively and only from her client's interest in the realty and not from any interest of the former wife. Any claim of lien filed by Wayne R. McDonough shall be satisfied exclusively and only from his client's interest in the realty.

Dated: _8/3/06_

_____
Wayne R. McDonough, Esquire
Wayne R. McDonough, P.A.
1901 25th Street
Vero Beach, Florida 32960
(772) 567-6111
Florida Bar Number: 287570

Dated: _8-4-06_

_____
Margaret McCain, Attorney
MacWilliam, McCain & Hill
1826 14th Avenue, Suite 201
Vero Beach, Florida 32960
(772) 564-6112
Florida Bar Number: _123900_